Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WALTER ANTONIO CHAVEZ PESANTEZ, SHANE TROY
FARQUHARSON, MARIA MARTHA TRAVEZ MISHQUI,
MARCO ANTONIO TENEMPAGUAY PALAGUACHI,
LOURDES ABIGAIL SALINAS LOPEZ, EDGAR PATRICIO
LLOACANA AGUACUNCHE, KATHERINE MISHELL
SALINAS ASTIMBAY, JENNY MARITZA MENDIETA
HERAS, INTY RAUL COREA ROMERO, GLADYS
NARCISA LASLUIZA LASLUISA, GIOVANNY
ALEXANDER PEREZ MIRANDA, FRANKLIN R.
VELASQUEZ, FRANK CARLOS MARRUFO DIAZ, ELVIS
ANDRES CEDENO ORTIZ, ELISA MARIBEL CHISAG
LASLUIZA, EDGARDO BLADIMIR AVELAR DE LA O,
DARIO FEDERICO GONZALEZ, CARMEN AZUCENA
RIBERA MASAQUIZA, ARMANDO LANDAVERDE
RIVERA, ANTONIO GARCIA SALAZAR, ANILDA
GONZALES VASQUEZ, ANA KEILA CUBAS URIARTE,
SEGUNDO ANGEL ALLAS PASOCHOA, MONICA
PAULINA GUASHPA CARGAUCHI, CELSO SANTIAGO
BENAVIDES VELEZ, individually and on behalf of all others
similarly situated,

**CLASS/COLLECTIVE
ACTION
COMPLAINT**


**JURY TRIAL
REQUESTED**

       Plaintiffs,

-against-

URBAN ATELIER GROUP, L.L.C., ENNISH
CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC,
BARRY RAFFERTY and KENDIS PAUL, as individuals,

       Defendants.
------------------------------------------------------------------------X

Plaintiffs, **WALTER ANTONIO CHAVEZ PESANTEZ, SHANE TROY FARQUHARSON, MARIA MARTHA TRAVEZ MISHQUI, MARCO ANTONIO TENEMPAGUAY PALAGUACHI, LOURDES ABIGAIL SALINAS LOPEZ, EDGAR PATRICIO LLOACANA AGUACUNCHE, KATHERINE MISHELL SALINAS ASTIMBAY, JENNY MARITZA MENDIETA HERAS, INTY RAUL COREA ROMERO, GLADYS NARCISA LASLUIZA LASLUISA, GIOVANNY ALEXANDER PEREZ MIRANDA, FRANKLIN R. VELASQUEZ, FRANK CARLOS MARRUFO DIAZ, ELVIS ANDRES CEDENO ORTIZ, ELISA MARIBEL CHISAG LASLUIZA, EDGARDO BLADIMIR AVELAR DE LA O, DARIO FEDERICO GONZALEZ, CARMEN AZUCENA RIBERA MASAQUIZA, ARMANDO LANDAVERDE RIVERA, ANTONIO GARCIA SALAZAR, ANILDA GONZALES VASQUEZ, ANA KEILA CUBAS URIARTE, SEGUNDO ANGEL ALLAS PASOCHOA, MONICA PAULINA GUASHPA CARGAUCHI, CELSO SANTIAGO BENAVIDES VELEZ,** individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs, individually and on behalf of all others similarly situated, through undersigned counsel, bring this action against **URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC, ANDREW D'AMICO, BARRY RAFFERTY and KENDIS PAUL, as individuals**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at **URBAN ATELIER GROUP, L.L.C. (hereinafter, "UAG"), ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC** located at 100 Flatbush Avenue, Brooklyn, NY, 11217.

2.      As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4.     This Court has supplemental jurisdiction over Plaintiffs' other state law claims pursuant to 28 U.S.C. §1367.

5.     Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6.     The Plaintiffs primarily performed work for the Defendants at 100 Flatbush Avenue, Brooklyn, NY, 11217 and it is this location that Plaintiffs alleged they were not properly compensated, forming the basis of the instant lawsuit.

7.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.


## THE PARTIES
### *The Plaintiffs*

8.     Plaintiff **WALTER ANTONIO CHAVEZ PESANTEZ,** residing in Woodside, NY, was employed by Defendants from in or around March 2024 until in or around April 2024.

9.     Plaintiff **SHANE TROY FARQUHARSON,** residing in Brooklyn, NY was employed by Defendants from in or around March 2023 until in or around April 2024.

10.    Plaintiff **MARIA MARTHA TRAVEZ MISHQUI,** residing in Corona, NY was employed by Defendants from in or around March 2024 until in or around April 2024.

11.    Plaintiff **MARCO ANTONIO TENEMPAGUAY PALAGUACHI** residing in Elmhurst, NY was employed by Defendants from in or around October 2023 until in or around April 2024.

12.    Plaintiff **LOURDES ABIGAIL SALINAS LOPEZ,** residing in Corona, NY was employed by Defendants from in or around February 2024 until in or around March 2024.

13.    Plaintiff **EDGAR PATRICIO LLOACANA AGUACUNCHE,** residing in Corona, NY was employed by Defendants from in or around March 2024 until in or around April 2024.

14.    Plaintiff **KATHERINE MISHELL SALINAS ASTIMBAY,** residing in Corona, NY was employed by Defendants from in or around February 2024 until in or around March 2024.

15.    Plaintiff **JENNY MARITZA MENDIETA HERAS,** residing in Corona, NY was employed by Defendants from in or around November 2022 until in or around April 2024.

16.    Plaintiff **INTY RAUL COREA ROMERO,** residing in Jamaica, NY was employed by Defendants from in or around June 2023 until in or around April 2024.

17.    Plaintiff **GLADYS NARCISA LASLUIZA LASLUISA,** residing in Brooklyn, NY was employed by Defendants from in or around March 2023 until in or around March 2024.

18.    Plaintiff **GIOVANNY ALEXANDER PEREZ MIRANDA,** residing in College Point, NY was employed by Defendants from in or around April 2023 until in or around April 2024.

19.    Plaintiff **FRANKLIN R. VELASQUEZ,** residing in New York, NY was employed by Defendants from in or around February 2023 until in or around April 2024.

20.    Plaintiff **FRANK CARLOS MARRUFO DIAZ,** residing in Bronx, NY was employed by Defendants from in or around February 2024 until in or around March 2024.

21.    Plaintiff **ELVIS ANDRES CEDENO ORTIZ,** residing in Corona, NY was employed by Defendants from in or around July 2023 until in or around April 2024.

22.    Plaintiff **ELISA MARIBEL CHISAG LASLUIZA,** residing in Brooklyn, NY was employed by Defendants from in or around April 2023 until in or around April 2024.

23.    Plaintiff **EDGARDO BLADIMIR AVELAR DE LA O,** residing in Hempstead, NY was employed by Defendants from in or around June 2023 until in or around April 2024.

24.    Plaintiff **DARIO FEDERICO GONZALEZ,** residing in Yonkers, NY was employed by Defendants from in or around April 2023 until in or around April 2023.

25.    Plaintiff **CARMEN AZUCENA RIBERA MASAQUIZA,** residing in Ridgewood, NY was employed by Defendants from in or around April 2023 until in or around August 2023.

26.    Plaintiff **ARMANDO LANDAVERDE RIVERA,** residing in Elmhurst, NY was employed by Defendants from in or around January 2024 until in or around February 2024.

27.    Plaintiff **ANTONIO GARCIA SALAZAR,** residing in Woodhaven, NY was employed by Defendants from in or around March 2024 until in or around April 2024.

28.    Plaintiff **ANILDA GONZALES VASQUEZ,** residing in Bronx, NY was employed by Defendants from in or around March 2024 until in or around March 2024.

29.    Plaintiff **ANA KEILA CUBAS URIARTE,** residing in Bronx, NY was employed by Defendants from in or around November 2023 until in or around April 2024.

30.  Plaintiff **SEGUNDO ANGEL ALLAS PASOCHOA,** residing in Newark, NJ was employed by Defendants from in or around June 2023 until in or around April 2024.

31.  Plaintiff **MONICA PAULINA GUASHPA CARGAUCHI,** residing in Bronx, NY was employed by Defendants from in or around January 2024 until in or around March 2024.

32.  Plaintiff **CELSO SANTIAGO BENAVIDES VELEZ,** residing in Woodhaven, NY was employed by Defendants from in or around July 2023 until in or around April 2024.

### *Corporate Defendants*
### **URBAN ATELIER GROUP, L.L.C. (hereinafter, "UAG")**

33.  Defendant URBAN ATELIER GROUP, L.L.C. is a foreign limited liability company, organized under the laws of the State of New York with a principal executive office and service of process address located at 85 5th Ave Floor 12, New York, NY 10003.

34.  During all relevant times hereto, URBAN ATELIER GROUP, L.L.C., acted as the general contractor at the job sites where Plaintiffs performed work.

35.  At all relevant times hereto, Defendant URBAN ATELIER GROUP, L.L.C., through its agents, officers, managers and supervisors, maintained direct control, oversight, and direct supervision over their employees including Plaintiffs in the performance of their duties, which among others include scheduling of work and payment of wages.

36.  At all relevant times hereto, Plaintiffs were jointly supervised and paid by the Defendants, including, Defendant URBAN ATELIER GROUP, L.L.C.'s superintendents, led by "Sal Massaro" and other superintendents of UAG namely, "Dan", "Eddy", "Al Lin", "Jonathan", Noah Turkel", "Rafal", "Robert" and "Jimmy" (collectively hereinafter, "UAG superintendents").

37.  At all relevant times hereto, URBAN ATELIER GROUP, L.L.C. had representatives on the job site each and every day directly affecting the conditions of Plaintiffs' employment, including setting schedules for work, direct supervision of Plaintiffs and instructing Plaintiffs what tasks to perform and how to perform them.

38.  At all times relevant to the allegations contained in the complaint, URBAN ATELIER GROUP, L.L.C. was and is an enterprise engaged in interstate commerce within the meaning of the FLSA, and have purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and have had employees engaged

in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) have had annual gross volume of sales of not less than $500,000.00.

### ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC

39.    Defendant, ENNISH CONSTRUCTION CORP., is a domestic business corporation organized under the laws of New York with a principal executive office located at 390 Fifth Ave., Ste. 906, NY, NY 10018.

40.    Defendant ENNISH CONSTRUCTION CORP. is registered in the New York Department of State, Division of Corporation with service of process address at 43-01 21st St., Ste 319, Long Island City, NY 11101.

41.    Defendant, KEP CONSTRUCTION, LLC, is a domestic limited liability company organized under the laws of New York with a principal executive office located at 680 Cauldwell Ave., Bronx, NY 10455.

42.    Defendant KEP CONSTRUCTION, LLC is registered in the New York Department of State, Division of Corporation with service of process address at 42 Broadway, Fl. 12-200, NY 10004.

43.    During all relevant times hereto, Defendants, ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC, were and are the sub-contractors of URBAN ATELIER GROUP, L.L.C. at the job site where Plaintiffs performed work.

44.    At all relevant times hereto, Defendants, ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC, through their agents, officers, managers and supervisors, maintained direct control, oversight, and direct supervision over their employees including Plaintiffs in the performance of their duties, which among others include scheduling of work and payment of wages.

45.    Upon information and belief, Defendants ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC. were and are both engaged in construction projects and simultaneously operate at and on the same job site where Plaintiffs performed work.

46.    At all times relevant hereto, Defendants ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC acted as a single employer in general and a joint employer with

respect to Plaintiffs, as Defendants held out Plaintiffs as employees of both ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC.

47.     Both Corporate entities employed the same employees, including Plaintiffs, performed work on the same job site, and were both responsible for issuing Plaintiffs their wages.

48.     The Corporate entities functioned as a single integrated enterprise during Plaintiffs' employment by Defendants.

49.     At all times relevant to the allegations contained in the complaint, Corporate Defendants were and are, enterprises engaged in interstate commerce within the meaning of the FLSA, and that, ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC (i) have purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and have had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) have had annual gross volume of sales of not less than $500,000.00.

## Joint Enterprise(s) of the Corporate Defendants

50.     At all times relevant to this action, Corporate Defendants were Plaintiffs' employers as defined by NYLL §§ 2(6), 190(3) and 651(6) and Corporate Defendants employed or jointly employed Plaintiffs.

51.     During all relevant times hereto, Corporate Defendants acted as a single employer in general and a joint employer with respect to Plaintiffs.

52.     During all relevant times hereto, Corporate Defendants treated and/or held out the Plaintiffs as employees of URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC.

53.     During all relevant times hereto, Plaintiffs performed work at Corporate Defendants' job site and on Corporate Defendants' project, for the benefit of all Corporate Defendants.

54.     Upon information and belief, Plaintiffs understood themselves as being employees of URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC.

55.     Corporate Defendants' entities employed the same employees and/or benefited jointly from the work performed by the same employees, including Plaintiffs, performed the same type

of work on/at the same job site, and were jointly responsible for supervising the work performed by the same employees, including Plaintiffs, at this job site.

56.    Defendants were jointly responsible for issuing Plaintiffs their wages and setting Plaintiffs' work schedules and hours.

57.    Defendants were jointly responsible for hiring Plaintiffs, setting the rates of pay for Plaintiffs, and paying Plaintiffs their wages.

58.    Defendants were jointly responsible for maintaining all of their employment records.

59.    The Corporate Defendant entities sued herein functioned as a single integrated enterprise during Plaintiff's employment by Defendants.

60.    Accordingly, at all relevant times hereto, Defendants URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC were Plaintiffs' employers within the meaning and the intent of the FLSA, and the NYLL.

### *The Individual Defendants*
### **BARRY RAFFERTY**

61.    At all relevant times hereto, Defendant BARRY RAFFERTY owns and operates ENNISH CONSTRUCTION CORP.

62.    Upon information and belief, Defendant BARRY RAFFERTY is an agent of ENNISH CONSTRUCTION CORP.

63.    At all relevant times hereto, Defendant BARRY RAFFERTY is responsible for overseeing the daily operations of ENNISH CONSTRUCTION CORP.

64.    At all relevant times hereto, Defendant BARRY RAFFERTY has power and authority over all the final personnel decisions at ENNISH CONSTRUCTION CORP.

65.    At all relevant times hereto, Defendant BARRY RAFFERTY has the power and authority over all final payroll decisions of ENNISH CONSTRUCTION CORP., including the Plaintiffs.

66.    At all relevant times hereto, Defendant BARRY RAFFERTY has the exclusive final power to hire the employees of ENNISH CONSTRUCTION CORP., including the Plaintiffs.

67.    At all relevant times hereto, Defendant BARRY RAFFERTY has exclusive final power over the firing and termination of the employees of ENNISH CONSTRUCTION CORP., including Plaintiffs.

68.    At all relevant times hereto, Defendant BARRY RAFFERTY is responsible for determining, establishing, and paying the wages of all employees of ENNISH CONSTRUCTION CORP., including the Plaintiffs, setting their work schedules, and maintaining all their employment records in the business.

69.    Accordingly, at all relevant times hereto, Defendant BARRY RAFFERTY was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

### KENDIS PAUL

70.    At all relevant times hereto, Defendant KENDIS PAUL owns and operates KEP CONSTRUCTION, LLC.

71.    Upon information and belief, Defendant KENDIS PAUL is an agent of KEP CONSTRUCTION, LLC.

72.    At all relevant times hereto, Defendant KENDIS PAUL is responsible for overseeing the daily operations of KEP CONSTRUCTION, LLC.

73.    At all relevant times hereto, Defendant KENDIS PAUL has power and authority over all the final personnel decisions at KEP CONSTRUCTION, LLC.

74.    At all relevant times hereto, Defendant KENDIS PAUL has the power and authority over all final payroll decisions of KEP CONSTRUCTION, LLC, including the Plaintiffs.

75.    At all relevant times hereto, Defendant KENDIS PAUL has the exclusive final power to hire the employees of KEP CONSTRUCTION, LLC, including the Plaintiffs.

76.    At all relevant times hereto, Defendant KENDIS PAUL has exclusive final power over the firing and termination of the employees of KEP CONSTRUCTION, LLC, including Plaintiffs.

77.    At all relevant times hereto, Defendant KENDIS PAUL is responsible for determining, establishing, and paying the wages of all employees of KEP CONSTRUCTION, LLC, including the Plaintiffs, setting their work schedules, and maintaining all their employment records in the business.

78.    Accordingly, at all relevant times hereto, Defendant KENDIS PAUL was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

79.    At all relevant times hereto, Defendants BARRY RAFFERTY, KENDIS PAUL and UAG Superintendents jointly supervised and paid Plaintiffs.

80. Accordingly, at all relevant times hereto, Defendants BARRY RAFFERTY, KENDIS PAUL and UAG Superintendents were Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

## FACTUAL ALLEGATIONS
## WALTER ANTONIO CHAVEZ PESANTEZ

81. Plaintiff **WALTER ANTONIO CHAVEZ PESANTEZ** was employed by URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC as a taper and construction worker, while performing related miscellaneous duties, from in or around March 2024 until in or around April 2024.

82. Plaintiff regularly worked approximately five (5) days per week and regularly worked a schedule of shifts of approximately eight-and-a-half-hours (8.5) hours per day, from in or around March 2024 until in or around April 2024.

83. Thus, Plaintiff was regularly required to work approximately forty-two-and-a-half (42.5) hours per week from in or around March 2024 until in or around April 2024.

84. Plaintiff WALTER ANTONIO CHAVEZ PESANTEZ was paid by Defendants a flat daily rate of approximately $180.00 per day.

85. Although Plaintiff worked approximately forty-two-and-a-half (42.5) hours per week from in or around March 2024 until in or around April 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

86. Moreover, Plaintiff was only compensated for his first week of wages and was not compensated at all by the Defendants for the remainder of his employment.

87. Due to Defendants' non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering his regular expenses such as payment for his utility bills, food, transportation, and other expenses.

88. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

89. Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

90.  Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

91.  As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

92.  Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## **SHANE TROY FARQUHARSON**

93.  Plaintiff **SHANE TROY FARQUHARSON** was employed by URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC as a taper and construction worker, while performing related miscellaneous duties, from in or around March 2023 until in or around April 2024.

94.  Plaintiff regularly worked approximately five (5) days per week and regularly worked a schedule of shifts of approximately eight-and-a-half (8.5) hours per day, three (3) days per week and approximately twelve-and-a-half (12.5) hours per day, two (2) days per week, from in or around March 2023 until in or around April 2024.

95.  Thus, Plaintiff was regularly required to work approximately fifty-and-a-half (50.5) hours per week from in or around March 2023 until in or around April 2024.

96.  Plaintiff SHANE TROY FARQUHARSON was paid by Defendants a flat hourly rate of approximately $24.00 per hour from in or around March 2023 until in or around April 2024.

97.  Although Plaintiff worked approximately fifty-and-a-half (50.5) hours per week from in or around March 2023 until in or around April 2024, Defendants did not pay Plaintiff time

and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

98.    Moreover, Plaintiff was paid by Defendants on a biweekly basis all throughout Plaintiff's employment. As such, Defendants failed to timely pay Plaintiff for his first week of wages each biweekly period and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

99.    Further, Plaintiff was not compensated at all by the Defendants for his last three (3) weeks of employment.

100.   Due to Defendants' delayed payments and non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering his regular expenses such as payment for his utility bills, food, transportation, and other expenses.

101.   Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

102.   Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

103.   Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

104.   As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

105.   Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## MARIA MARTHA TRAVEZ MISHQUI

106.    Plaintiff **MARIA MARTHA TRAVEZ MISHQUI** was employed by URBAN ATELIER
GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC
as a taper and construction worker, while performing related miscellaneous duties, from in
or around March 2024 until in or around April 2024.

107.    Plaintiff regularly worked approximately five (5) days per week and regularly worked a
schedule of shifts of approximately eight-and-a-half-hours (8.5) hours per day, from in or
around March 2024 until in or around April 2024.

108.    Thus, Plaintiff was regularly required to work approximately forty-two-and-a-half (42.5)
hours per week from in or around March 2024 until in or around April 2024.

109.    Plaintiff MARIA MARTHA TRAVEZ MISHQUI was paid by Defendants a flat hourly
rate of approximately $24.00 per hour from in or around March 2024 until in or around
April 2024.

110.    Although Plaintiff worked approximately forty-two-and-a-half (42.5) hours per week from
in or around March 2024 until in or around April 2024, Defendants did not pay Plaintiff
time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime
provisions contained in the FLSA and NYLL.

111.    Moreover, Plaintiff was paid by Defendants on a biweekly basis all throughout Plaintiff's
employment. As such, Defendants failed to timely pay Plaintiff for her first week of wages
each biweekly period and thus violated the frequency of pay requirements of NYLL § 191
by failing to pay her on a weekly basis.

112.    Further, Plaintiff was not compensated at all by the Defendants for her last three (3) weeks
of employment.

113.    Due to Defendants' delayed payments and non-payment of wages, Plaintiff suffered
concrete harm and experienced a myriad of financial difficulties specifically in covering
her regular expenses such as payment for his utility bills, food, transportation, and other
expenses.

114.    Defendants willfully failed to post notices of the minimum wage and overtime wage
requirements in a conspicuous place at the location of her employment as required by the
FLSA and NYLL.

115.    Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.

116.    Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

117.    As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have receiving for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the FLSA and NYLL – which she was not.

118.    Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and proper rates of pay, and determine if she was being paid time-and-a-half for her overtime hours as required by the FLSA and NYLL.

### MARCO ANTONIO TENEMPAGUAY PALAGUACHI

119.    Plaintiff **MARCO ANTONIO TENEMPAGUAY PALAGUACHI** was employed by URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC as a taper and construction worker, while performing related miscellaneous duties, from in or around October 2023 until in or around April 2024.

120.    Plaintiff regularly worked approximately five (5) days per week and regularly worked a schedule of shifts of approximately eight-and-a-half (8.5) hours per day, three (3) days per week and approximately ten-and-a-half (10.5) hours per day, two (2) days per week, from in or around October 2023 until in or around April 2024.

121.    Thus, Plaintiff was regularly required to work approximately forty-six-and-a-half (46.5) hours per week from in or around October 2023 until in or around April 2024.

122.    Plaintiff MARCO ANTONIO TENEMPAGUAY PALAGUACHI was paid by Defendants a flat hourly rate of approximately $26.00 per hour from in or around October 2023 until in or around April 2024.

123. Although Plaintiff worked approximately forty-six-and-a-half (46.5) hours per week from in or around October 2023 until in or around April 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

124. Moreover, Plaintiff was paid by Defendants on a biweekly basis all throughout Plaintiff's employment. As such, Defendants failed to timely pay Plaintiff for his first week of wages each biweekly period and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

125. Further, Plaintiff was not compensated at all by the Defendants for his last four (4) weeks of employment.

126. Due to Defendants' delayed payments and non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering his regular expenses such as payment for his utility bills, food, transportation, and other expenses.

127. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

128. Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

129. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

130. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

131. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay,

and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## **LOURDES ABIGAIL SALINAS LOPEZ**

132.   Plaintiff **LOURDES ABIGAIL SALINAS LOPEZ** was employed by URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC as a taper and construction worker, while performing related miscellaneous duties, from in or around February 2024 until in or around April 2024.

133.   Plaintiff regularly worked approximately five (5) days per week and regularly worked a schedule of shifts of approximately eight-and-a-half (8.5) hours per day, three (3) days per week and approximately ten-and-a-half (10.5) hours per day, two (2) days per week, from in or around February 2024 until in or around April 2024.

134.   Thus, Plaintiff was regularly required to work approximately forty-six-and-a-half (46.5) hours per week from in or around February 2024 until in or around April 2024.

135.   Plaintiff LOURDES ABIGAIL SALINAS LOPEZ was paid by Defendants a flat hourly rate of approximately $20.00 per hour from in or around February 2024 until in or around April 2024.

136.   Although Plaintiff worked approximately forty-six-and-a-half (46.5) hours per week from in or around February 2024 until in or around April 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

137.   Moreover, Plaintiff was paid by Defendants on a biweekly basis all throughout Plaintiff's employment. As such, Defendants failed to timely pay Plaintiff for her first week of wages each biweekly period and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay her on a weekly basis.

138.   Further, Plaintiff was not compensated at all by the Defendants for her last three (3) weeks of employment.

139.   Due to Defendants' delayed payments and non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering her regular expenses such as payment for his utility bills, food, transportation, and other expenses.

140.  Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of her employment as required by the FLSA and NYLL.

141.  Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.

142.  Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

143.  As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have receiving for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the FLSA and NYLL – which she was not.

144.  Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and proper rates of pay, and determine if she was being paid time-and-a-half for her overtime hours as required by the FLSA and NYLL.

### EDGAR PATRICIO LLOACANA AGUACUNCHE

145.  Plaintiff **EDGAR PATRICIO LLOACANA AGUACUNCHE** was employed by URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC as a taper and construction worker, while performing related miscellaneous duties, from in or around March 2023 until in or around April 2024.

146.  Plaintiff regularly worked approximately six (6) days per week and regularly worked a schedule of shifts of approximately eight-and-a-half (8.5) hours per day, six (6) days per week, from in or around March 2023 until in or around April 2024.

147.  Thus, Plaintiff was regularly required to work approximately fifty-one (51) hours per week from in or around March 2023 until in or around April 2024.

148.  Plaintiff EDGAR PATRICIO LLOACANA AGUACUNCHE was paid by Defendants a flat hourly rate of approximately $25.00 per hour from in or around March 2023 until in or around April 2024.

149.  Although Plaintiff worked approximately fifty-one (51) hours per week from in or around March 2023 until in or around April 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

150.  Moreover, Plaintiff was paid by Defendants on a biweekly basis all throughout Plaintiff's employment. As such, Defendants failed to timely pay Plaintiff for his first week of wages each biweekly period and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

151.  Further, Plaintiff was not compensated at all by the Defendants for his last five (5) weeks of employment.

152.  Due to Defendants' delayed payments and non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering his regular expenses such as payment for his utility bills, food, transportation, and other expenses.

153.  Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

154.  Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

155.  Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

156.  As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to

identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

157.    Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## KATHERINE MISHELL SALINAS ASTIMBAY

158.    Plaintiff **KATHERINE MISHELL SALINAS ASTIMBAY** was employed by URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC as a taper and construction worker, while performing related miscellaneous duties, from in or around February 2024 until in or around April 2024.

159.    Plaintiff regularly worked approximately five (5) days per week and regularly worked a schedule of shifts of approximately eight-and-a-half (8.5) hours per day, five (5) days per week, from in or around February 2024 until in or around April 2024.

160.    Thus, Plaintiff was regularly required to work approximately forty-two-and-a-half (42.5) hours per week from in or around February 2024 until in or around April 2024.

161.    Plaintiff KATHERINE MISHELL SALINAS ASTIMBAY was paid by Defendants a flat hourly rate of approximately $24.00 per hour from in or around February 2024 until in or around April 2024.

162.    Although Plaintiff worked approximately forty-two-and-a-half (42.5) hours per week from in or around February 2024 until in or around April 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

163.    Moreover, Plaintiff was paid by Defendants on a biweekly basis all throughout Plaintiff's employment. As such, Defendants failed to timely pay Plaintiff for her first week of wages each biweekly period and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay her on a weekly basis.

164.    Further, Plaintiff was not compensated at all by the Defendants for her last three (3) weeks of employment.

165.    Due to Defendants' delayed payments and non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering her regular expenses such as payment for his utility bills, food, transportation, and other expenses.

166.    Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of her employment as required by the FLSA and NYLL.

167.    Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.

168.    Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

169.    As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have receiving for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the FLSA and NYLL – which she was not.

170.    Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and proper rates of pay, and determine if she was being paid time-and-a-half for her overtime hours as required by the FLSA and NYLL.

### JENNY MARITZA MENDIETA HERAS

171.    Plaintiff **JENNY MARITZA MENDIETA HERAS** was employed by URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC as a taper and construction worker, while performing related miscellaneous duties, from in or around November 2022 until in or around April 2024.

172.    Plaintiff regularly worked approximately five (5) days per week and regularly worked a schedule of shifts of approximately eight-and-a-half (8.5) hours per day, one (1) day per

week and approximately twelve-and-a-half (12.5) hours per day, four (4) days per week, from in or around November 2022 until in or around April 2024.

173. Thus, Plaintiff was regularly required to work approximately fifty-eight-and-a-half (58.5) hours per week from in or around November 2022 until in or around April 2024.

174. Plaintiff JENNY MARITZA MENDIETA HERAS was paid by Defendants a flat hourly rate of approximately $27.00 per hour from in or around November 2022 until in or around April 2024.

175. Although Plaintiff worked approximately fifty-eight-and-a-half (58.5) hours per week from in or around November 2022 until in or around April 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

176. Moreover, Plaintiff was paid by Defendants on a biweekly basis all throughout Plaintiff's employment. As such, Defendants failed to timely pay Plaintiff for her first week of wages each biweekly period and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay her on a weekly basis.

177. Further, Plaintiff was not compensated at all by the Defendants for her last three-and-a-half (3.5) weeks of employment.

178. Due to Defendants' delayed payments and non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering her regular expenses such as payment for his utility bills, food, transportation, and other expenses.

179. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of her employment as required by the FLSA and NYLL.

180. Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.

181. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

182. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to

identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have receiving for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the FLSA and NYLL – which she was not.

183. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and proper rates of pay, and determine if she was being paid time-and-a-half for her overtime hours as required by the FLSA and NYLL.

### INTY RAUL COREA ROMERO

184. Plaintiff **INTY RAUL COREA ROMERO** was employed by URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC as a taper and construction worker, while performing related miscellaneous duties, from in or around June 2023 until in or around April 2024.

185. Plaintiff regularly worked approximately six (6) days per week and regularly worked a schedule of shifts of approximately eight-and-a-half (8.5) hours per day, two (2) days per week, and approximately ten-and-a-half (10.5) hours per day, four (4) days per week, from in or around June 2023 until in or around April 2024.

186. Thus, Plaintiff was regularly required to work approximately fifty-nine (59) hours per week from in or around June 2023 until in or around April 2024.

187. Plaintiff INTY RAUL COREA ROMERO was paid by Defendants a flat hourly rate of approximately $30.00 per hour from in or around June 2023 until in or around April 2024.

188. Although Plaintiff worked approximately fifty-nine (59) hours per week from in or around June 2023 until in or around April 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

189. Moreover, Plaintiff was paid by Defendants on a biweekly basis all throughout Plaintiff's employment. As such, Defendants failed to timely pay Plaintiff for his first week of wages each biweekly period and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

190.  Further, Plaintiff was not compensated at all by the Defendants for his last four (4) weeks of employment.

191.  Due to Defendants' delayed payments and non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering his regular expenses such as payment for his utility bills, food, transportation, and other expenses.

192.  Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

193.  Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

194.  Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

195.  As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

196.  Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

### GLADYS NARCISA LASLUIZA LASLUISA

197.  Plaintiff **GLADYS NARCISA LASLUIZA LASLUISA** was employed by URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC as a taper and construction worker, while performing related miscellaneous duties, from in or around March 2023 until in or around April 2024.

198.    Plaintiff regularly worked approximately six (6) days per week and regularly worked a schedule of shifts of approximately eight-and-a-half (8.5) hours per day, three (3) days per week and approximately eleven (11) hours per day, three (3) days per week, from in or around March 2023 until in or around April 2024.

199.    Thus, Plaintiff was regularly required to work approximately fifty-eight-and-a-half (58.5) hours per week from in or around March 2023 until in or around April 2024.

200.    Plaintiff GLADYS NARCISA LASLUIZA LASLUISA was paid by Defendants a flat hourly rate of approximately $25.00 per hour from in or around March 2023 until in or around April 2024.

201.    Although Plaintiff worked approximately fifty-eight-and-a-half (58.5) hours per week from in or around March 2023 until in or around April 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

202.    Moreover, Plaintiff was paid by Defendants on a biweekly basis all throughout Plaintiff's employment. As such, Defendants failed to timely pay Plaintiff for her first week of wages each biweekly period and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay her on a weekly basis.

203.    Further, Plaintiff was not compensated at all by the Defendants for her last five (5) weeks of employment.

204.    Due to Defendants' delayed payments and non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering her regular expenses such as payment for his utility bills, food, transportation, and other expenses.

205.    Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of her employment as required by the FLSA and NYLL.

206.    Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.

207.    Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

208.   As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have receiving for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the FLSA and NYLL – which she was not.

209.   Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and proper rates of pay, and determine if she was being paid time-and-a-half for her overtime hours as required by the FLSA and NYLL.

### GIOVANNY ALEXANDER PEREZ MIRANDA

210.   Plaintiff **GIOVANNY ALEXANDER PEREZ MIRANDA** was employed by URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC as a taper and construction worker, while performing related miscellaneous duties, from in or around April 2023 until in or around April 2024.

211.   Plaintiff regularly worked approximately five (5) days per week and regularly worked a schedule of shifts of approximately eight-and-a-half-hours (8.5) hours per day, from in or around April 2023 until in or around April 2024.

212.   Thus, Plaintiff was regularly required to work approximately forty-two-and-a-half (42.5) hours per week from in or around April 2023 until in or around April 2024.

213.   Plaintiff GIOVANNY ALEXANDER PEREZ MIRANDA was paid by Defendants a flat hourly rate of approximately $28.00 per hour from in or around April 2023 until in or around April 2024.

214.   Although Plaintiff worked approximately forty-two-and-a-half (42.5) hours per week from in or around April 2023 until in or around April 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

215.   Moreover, Plaintiff was paid by Defendants on a biweekly basis all throughout Plaintiff's employment. As such, Defendants failed to timely pay Plaintiff for his first week of wages

each biweekly period and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

216. Further, Plaintiff was not compensated at all by the Defendants for his last three (3) weeks and three (3) days of employment.

217. Due to Defendants' non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering his regular expenses such as payment for his utility bills, food, transportation, and other expenses.

218. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

219. Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

220. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

221. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

222. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

### **FRANKLIN R. VELASQUEZ**

223. Plaintiff **FRANKLIN R. VELASQUEZ** was employed by URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC as a taper

and construction worker, while performing related miscellaneous duties, from in or around February 2023 until in or around April 2024.

224. Plaintiff regularly worked approximately six (6) days per week and regularly worked a schedule of shifts of approximately eight-and-a-half (8.5) hours per day, three (3) days per week, and approximately ten-and-a-half (10.5) hours per day, three (3) days per week, from in or around February 2023 until in or around April 2024.

225. Thus, Plaintiff was regularly required to work approximately fifty-seven (57) hours per week from in or around February 2023 until in or around April 2024.

226. Plaintiff FRANKLIN R. VELASQUEZ was paid by Defendants a flat hourly rate of approximately $25.00 per hour from in or around February 2023 until in or around April 2024.

227. Although Plaintiff worked approximately fifty-seven (57) hours per week from in or around February 2023 until in or around April 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

228. Moreover, Plaintiff was paid by Defendants on a biweekly basis all throughout Plaintiff's employment. As such, Defendants failed to timely pay Plaintiff for his first week of wages each biweekly period and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

229. Further, Plaintiff was not compensated at all by the Defendants for his last five (5) weeks of employment.

230. Due to Defendants' delayed payments and non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering his regular expenses such as payment for his utility bills, food, transportation, and other expenses.

231. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

232. Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

233. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

234. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

235. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## FRANK CARLOS MARRUFO DIAZ

236. Plaintiff **FRANK CARLOS MARRUFO DIAZ** was employed by URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC as a taper and construction worker, while performing related miscellaneous duties, from in or around February 2024 until in or around March 2024.

237. Plaintiff regularly worked approximately five (5) days per week and regularly worked a schedule of shifts of approximately eight-and-a-half (8.5) hours per day, three (3) days per week and approximately ten-and-a-half (10.5) hours per day, two (2) days per week, from in or around February 2024 until in or around March 2024.

238. Thus, Plaintiff was regularly required to work approximately forty-six-and-a-half (46.5) hours per week from in or around February 2024 until in or around March 2024.

239. Plaintiff FRANK CARLOS MARRUFO DIAZ was paid by Defendants a flat hourly rate of approximately $23.00 per hour from in or around February 2024 until in or around March 2024.

240. Although Plaintiff worked approximately forty-six-and-a-half (46.5) hours per week from in or around February 2024 until in or around March 2024, Defendants did not pay Plaintiff

time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

241. Moreover, Plaintiff was paid by Defendants on a biweekly basis all throughout Plaintiff's employment. As such, Defendants failed to timely pay Plaintiff for his first week of wages each biweekly period and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

242. Further, Plaintiff was not compensated at all by the Defendants for his last three (3) weeks of employment.

243. Due to Defendants' delayed payments and non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering his regular expenses such as payment for his utility bills, food, transportation, and other expenses.

244. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

245. Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

246. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

247. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

248. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## <u>ELVIS ANDRES CEDENO ORTIZ</u>

249.   Plaintiff **ELVIS ANDRES CEDENO ORTIZ** was employed by URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC as a taper and construction worker, while performing related miscellaneous duties, from in or around July 2023 until in or around April 2024.

250.   Plaintiff regularly worked approximately six (6) days per week and regularly worked a schedule of shifts of approximately eight-and-a-half (8.5) hours per day, three (3) days per week, and approximately ten-and-a-half (10.5) hours per day, three (3) days per week, from in or around July 2023 until in or around April 2024.

251.   Thus, Plaintiff was regularly required to work approximately fifty-seven (57) hours per week from in or around July 2023 until in or around April 2024.

252.   Plaintiff ELVIS ANDRES CEDENO ORTIZ was paid by Defendants a flat hourly rate of approximately $27.00 per hour from in or around July 2023 until in or around April 2024.

253.   Although Plaintiff worked approximately fifty-seven (57) hours per week from in or around July 2023 until in or around April 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

254.   Moreover, Plaintiff was paid by Defendants on a biweekly basis all throughout Plaintiff's employment. As such, Defendants failed to timely pay Plaintiff for his first week of wages each biweekly period and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

255.   Further, Plaintiff was not compensated at all by the Defendants for his last four (4) weeks of employment.

256.   Due to Defendants' delayed payments and non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering his regular expenses such as payment for his utility bills, food, transportation, and other expenses.

257.   Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

258. Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

259. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

260. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

261. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

### ELISA MARIBEL CHISAG LASLUIZA

262. Plaintiff **ELISA MARIBEL CHISAG LASLUIZA** was employed by URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC as a taper and construction worker, while performing related miscellaneous duties, from in or around April 2023 until in or around April 2024.

263. Plaintiff regularly worked approximately five (5) days per week and regularly worked a schedule of shifts of approximately eight-and-a-half (8.5) hours per day, three (3) days per week and approximately ten-and-a-half (10.5) hours per day, two (2) days per week, from in or around April 2023 until in or around April 2024.

264. Thus, Plaintiff was regularly required to work approximately forty-six-and-a-half (46.5) hours per week from in or around April 2023 until in or around April 2024.

265. Plaintiff ELISA MARIBEL CHISAG LASLUIZA was paid by Defendants a flat hourly rate of approximately $25.00 per hour from in or around April 2023 until in or around April 2024.

266. Although Plaintiff worked approximately forty-six-and-a-half (46.5) hours per week from in or around April 2023 until in or around April 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

267. Moreover, Plaintiff was paid by Defendants on a biweekly basis all throughout Plaintiff's employment. As such, Defendants failed to timely pay Plaintiff for her first week of wages each biweekly period and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay her on a weekly basis.

268. Further, Plaintiff was not compensated at all by the Defendants for her last four (4) weeks of employment.

269. Due to Defendants' delayed payments and non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering her regular expenses such as payment for his utility bills, food, transportation, and other expenses.

270. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of her employment as required by the FLSA and NYLL.

271. Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.

272. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

273. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have receiving for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the FLSA and NYLL – which she was not.

274. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and proper rates of pay,

and determine if she was being paid time-and-a-half for her overtime hours as required by the FLSA and NYLL.

### EDGARDO BLADIMIR AVELAR DE LA O

275. Plaintiff **EDGARDO BLADIMIR AVELAR DE LA O** was employed by URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC as a taper and construction worker, while performing related miscellaneous duties, from in or around June 2023 until in or around April 2024.

276. Plaintiff regularly worked approximately five (5) days per week and regularly worked a schedule of shifts of approximately eight-and-a-half (8.5) hours per day, three (3) days per week and approximately ten-and-a-half (10.5) hours per day, two (2) days per week, from in or around June 2023 until in or around April 2024.

277. Thus, Plaintiff was regularly required to work approximately forty-six-and-a-half (46.5) hours per week from in or around June 2023 until in or around April 2024.

278. Plaintiff EDGARDO BLADIMIR AVELAR DE LA O was paid by Defendants a flat hourly rate of approximately $20.00 per hour from in or around June 2023 until in or around December 2023 and approximately $25.00 per hour from in or around January 2024 until in or around April 2024.

279. Although Plaintiff worked approximately forty-six-and-a-half (46.5) hours per week from in or around June 2023 until in or around April 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

280. Moreover, Plaintiff was paid by Defendants on a biweekly basis all throughout Plaintiff's employment. As such, Defendants failed to timely pay Plaintiff for his first week of wages each biweekly period and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

281. Further, Plaintiff was not compensated at all by the Defendants for his last five (5) weeks of employment.

282. Due to Defendants' delayed payments and non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering

his regular expenses such as payment for his utility bills, food, transportation, and other expenses.

283. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

284. Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

285. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

286. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

287. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## **DARIO FEDERICO GONZALEZ**

288. Plaintiff **DARIO FEDERICO GONZALEZ** was employed by URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC as a construction worker, while performing related miscellaneous duties, from in or around April 2023.

289. Plaintiff regularly worked approximately five (5) days per week and regularly worked a schedule of shift of approximately eight-and-a-half-hours (8.5) hours per day, from in or around April 2023.

290.   Thus, Plaintiff was regularly required to work approximately forty-two-and-a-half (42.5) hours per week from in or around April 2023.

291.   Upon Plaintiff's hire, the agreement was that Defendants would pay Plaintiff $30.00 per hour. However, Plaintiff was never compensated at all during his entire employment period in April 2023.

292.   Although Plaintiff worked approximately forty-two-and-a-half (42.5) hours per week from in or around April 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

293.   Due to Defendants' delayed and non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering his regular expenses such as payment for his utility bills, food, transportation, and other expenses.

294.   Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

295.   Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

296.   Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

297.   As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

298.   Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## CARMEN AZUCENA RIBERA MASAQUIZA

299. Plaintiff **CARMEN AZUCENA RIBERA MASAQUIZA** was employed by URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC as a taper and construction worker, while performing related miscellaneous duties, from in or around April 2023 until in or around August 2023.

300. Plaintiff regularly worked approximately six (6) days per week and regularly worked a schedule of shifts of approximately eight-and-a-half (8.5) hours per day, two (2) days per week and approximately eleven (11) hours per day, four (4) days per week, from in or around April 2023 until in or around August 2023.

301. Thus, Plaintiff was regularly required to work approximately six-one (61) hours per week from in or around April 2023 until in or around August 2023.

302. Plaintiff CARMEN AZUCENA RIBERA MASAQUIZA was paid by Defendants a flat hourly rate of approximately $25.00 per hour from in or around April 2023 until in or around August 2023.

303. Although Plaintiff worked approximately six-one (61) hours per week from in or around April 2023 until in or around August 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

304. Moreover, Plaintiff was paid by Defendants on a biweekly basis all throughout Plaintiff's employment. As such, Defendants failed to timely pay Plaintiff for her first week of wages each biweekly period and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay her on a weekly basis.

305. Further, Plaintiff was not compensated at all by the Defendants for her last six (6) weeks of employment.

306. Due to Defendants' delayed payments and non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering her regular expenses such as payment for his utility bills, food, transportation, and other expenses.

307. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of her employment as required by the FLSA and NYLL.

308.   Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.

309.   Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

310.   As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have receiving for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the FLSA and NYLL – which she was not.

311.   Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and proper rates of pay, and determine if she was being paid time-and-a-half for her overtime hours as required by the FLSA and NYLL.


## **ARMANDO LANDAVERDE RIVERA**

312.   Plaintiff **ARMANDO LANDAVERDE RIVERA** was employed by URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC as a taper and construction worker, while performing related miscellaneous duties, from in or around January 2024 until in or around February 2024.

313.   Plaintiff regularly worked approximately six (6) days per week and regularly worked a schedule of shifts of approximately eight-and-a-half (8.5) hours per day, three (3) days per week, and approximately ten-and-a-half (10.5) hours per day, three (3) days per week, from in or around January 2024 until in or around February 2024.

314.   Thus, Plaintiff was regularly required to work approximately fifty-seven (57) hours per week from in or around January 2024 until in or around February 2024.

315.   Plaintiff ARMANDO LANDAVERDE RIVERA was paid by Defendants a flat hourly rate of approximately $25.00 per hour from in or around January 2024 until in or around February 2024.

316. Although Plaintiff worked approximately fifty-seven (57) hours per week from in or around January 2024 until in or around February 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

317. Moreover, Plaintiff was paid by Defendants on a biweekly basis all throughout Plaintiff's employment. As such, Defendants failed to timely pay Plaintiff for his first week of wages each biweekly period and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

318. Further, Plaintiff was not compensated at all by the Defendants for his last two (2) weeks of employment.

319. Due to Defendants' delayed payments and non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering his regular expenses such as payment for his utility bills, food, transportation, and other expenses.

320. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

321. Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

322. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

323. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

324. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay,

and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## ANTONIO GARCIA SALAZAR

325.   Plaintiff **ANTONIO GARCIA SALAZAR** was employed by URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC as a taper and construction worker, while performing related miscellaneous duties, from in or around March 2024 until in or around April 2024.

326.   Plaintiff regularly worked approximately five (5) days per week and regularly worked a schedule of shift of approximately eight-and-a-half-hours (8.5) hours per day, from in or around March 2024 until in or around April 2024.

327.   Thus, Plaintiff was regularly required to work approximately forty-two-and-a-half (42.5) hours per week from in or around March 2024 until in or around April 2024.

328.   Plaintiff ANTONIO GARCIA SALAZAR was paid by Defendants a flat hourly rate of approximately $23.00 per hour from in or around April 2023 until in or around April 2024.

329.   Although Plaintiff worked approximately forty-two-and-a-half (42.5) hours per week from in or around March 2024 until in or around April 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

330.   Moreover, Plaintiff was paid by Defendants on a biweekly basis all throughout Plaintiff's employment. As such, Defendants failed to timely pay Plaintiff for his first week of wages each biweekly period and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

331.   Further, Plaintiff was not compensated at all by the Defendants for his last three (3) weeks.

332.   Due to Defendants' non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering his regular expenses such as payment for his utility bills, food, transportation, and other expenses.

333.   Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

334.  Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

335.  Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

336.  As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

337.  Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

### **ANILDA GONZALES VASQUEZ**

338.  Plaintiff **ANILDA GONZALES VASQUEZ** was employed by URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC as a taper and construction worker, while performing related miscellaneous duties, from in or around March 2024.

339.  Plaintiff regularly worked approximately six (6) days per week and regularly worked a schedule of shift of approximately eight-and-a-half (8.5) hours per day, six (6) days per week from in or around March 2024.

340.  Thus, Plaintiff was regularly required to work approximately fifty-one (51) hours per week from in or around March 2024.

341.  Upon Plaintiff's hire, the agreement was that Defendants would pay Plaintiff $20.00 per hour. However, Plaintiff was not compensated at all by the Defendants for her entire employment in March 2024.

342. Although Plaintiff worked approximately fifty-one (51)hours per week from in or around March 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

343. Due to Defendants' delayed payments and non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering her regular expenses such as payment for his utility bills, food, transportation, and other expenses.

344. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of her employment as required by the FLSA and NYLL.

345. Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.

346. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

347. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have receiving for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the FLSA and NYLL – which she was not.

348. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and proper rates of pay, and determine if she was being paid time-and-a-half for her overtime hours as required by the FLSA and NYLL.

## ANA KEILA CUBAS URIARTE

349. Plaintiff **ANA KEILA CUBAS URIARTE** was employed by URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC

as a taper and construction worker, while performing related miscellaneous duties, from in or around November 2023 until in or around April 2024.

350.    Plaintiff regularly worked approximately five (5) days per week and regularly worked a schedule of shifts of approximately eight-and-a-half (8.5) hours per day, three (3) days per week and approximately ten-and-a-half (10.5) hours per day, two (2) days per week, from in or around November 2023 until in or around April 2024.

351.    Thus, Plaintiff was regularly required to work approximately forty-six-and-a-half (46.5) hours per week from in or around November 2023 until in or around April 2024.

352.    Plaintiff ANA KEILA CUBAS URIARTE was paid by Defendants a flat hourly rate of approximately $20.00 per hour from in or around November 2023 until in or around April 2024.

353.    Although Plaintiff worked approximately forty-six-and-a-half (46.5) hours per week from in or around November 2023 until in or around April 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

354.    Moreover, Plaintiff was paid by Defendants on a biweekly basis all throughout Plaintiff's employment. As such, Defendants failed to timely pay Plaintiff for her first week of wages each biweekly period and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay her on a weekly basis.

355.    Further, Plaintiff was not compensated at all by the Defendants for her last week of employment.

356.    Due to Defendants' delayed payments and non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering her regular expenses such as payment for his utility bills, food, transportation, and other expenses.

357.    Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of her employment as required by the FLSA and NYLL.

358.    Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.

359.    Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

360.    As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have receiving for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the FLSA and NYLL – which she was not.

361.    Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and proper rates of pay, and determine if she was being paid time-and-a-half for her overtime hours as required by the FLSA and NYLL.

## SEGUNDO ANGEL ALLAS PASOCHOA

362.    Plaintiff **SEGUNDO ANGEL ALLAS PASOCHOA** was employed by URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC as a taper and construction worker, while performing related miscellaneous duties, from in or around June 2023 until in or around April 2024.

363.    Plaintiff regularly worked approximately six (6) days per week and regularly worked a schedule of shifts of approximately eight-and-a-half (8.5) hours per day, three (3) days per week, and approximately ten-and-a-half (10.5) hours per day, three (3) days per week, from in or around June 2023 until in or around April 2024.

364.    Thus, Plaintiff was regularly required to work approximately fifty-seven (57) hours per week from in or around June 2023 until in or around April 2024.

365.    Plaintiff SEGUNDO ANGEL ALLAS PASOCHOA was paid by Defendants a flat hourly rate of approximately $25.00 per hour from in or around June 2023 until in or around April 2024.

366.    Although Plaintiff worked approximately fifty-seven (57) hours per week from in or around June 2023 until in or around April 2024, Defendants did not pay Plaintiff time and

a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

367.    Moreover, Plaintiff was paid by Defendants on a biweekly basis all throughout Plaintiff's employment. As such, Defendants failed to timely pay Plaintiff for his first week of wages each biweekly period and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

368.    Further, Plaintiff was not compensated at all by the Defendants for his last four (4) weeks of employment.

369.    Due to Defendants' delayed payments and non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering his regular expenses such as payment for his utility bills, food, transportation, and other expenses.

370.    Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

371.    Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

372.    Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

373.    As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

374.    Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

<u>**MONICA PAULINA GUASHPA CARGAUCHI**</u>

375. Plaintiff **MONICA PAULINA GUASHPA CARGAUCHI** was employed by URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC as a taper and construction worker, while performing related miscellaneous duties, from in or around January 2024 until in or around March 2024.

376. Plaintiff regularly worked approximately five (5) days per week and regularly worked a schedule of shifts of approximately eight-and-a-half (8.5) hours per day, two (2) days per week and approximately eleven-and-a-half (11.5) hours per day, three (3) days per week, from in or around January 2024 until in or around March 2024.

377. Thus, Plaintiff was regularly required to work approximately fifty-one-and-a-half (51.5) hours per week from in or around January 2024 until in or around March 2024.

378. Plaintiff MONICA PAULINA GUASHPA CARGAUCHI was paid by Defendants a flat hourly rate of approximately $25.00 per hour from in or around January 2024 until in or around March 2024.

379. Although Plaintiff worked approximately fifty-one-and-a-half (51.5) hours per week from in or around January 2024 until in or around March 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

380. Moreover, Plaintiff was paid by Defendants on a biweekly basis all throughout Plaintiff's employment. As such, Defendants failed to timely pay Plaintiff for her first week of wages each biweekly period and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay her on a weekly basis.

381. Further, Plaintiff was not compensated at all by the Defendants for her last three (3) weeks of employment.

382. Due to Defendants' delayed payments and non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering her regular expenses such as payment for his utility bills, food, transportation, and other expenses.

383. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of her employment as required by the FLSA and NYLL.

384. Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.

385. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

386. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have receiving for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the FLSA and NYLL – which she was not.

387. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and proper rates of pay, and determine if she was being paid time-and-a-half for her overtime hours as required by the FLSA and NYLL.


## CELSO SANTIAGO BENAVIDES VELEZ

388. Plaintiff **CELSO SANTIAGO BENAVIDES VELEZ** was employed by URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC as a taper and construction worker, while performing related miscellaneous duties, from in or around July 2023 until in or around April 2024.

389. Plaintiff regularly worked approximately five (5) days per week and regularly worked a schedule of shifts of approximately eight-and-a-half (8.5) hours per day, two (2) days per week, and approximately eleven (11) hours per day, three (3) days per week, from in or around July 2023 until in or around April 2024.

390. Thus, Plaintiff was regularly required to work approximately fifty (50) hours per week from in or around July 2023 until in or around April 2024.

391. Plaintiff CELSO SANTIAGO BENAVIDES VELEZ was paid by Defendants a flat hourly rate of approximately $26.00 per hour from in or around July 2023 until in or around April 2024.

392.    Although Plaintiff worked approximately fifty (50) hours per week from in or around July 2023 until in or around April 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

393.    Moreover, Plaintiff was paid by Defendants on a biweekly basis all throughout Plaintiff's employment. As such, Defendants failed to timely pay Plaintiff for his first week of wages each biweekly period and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

394.    Further, Plaintiff was not compensated at all by the Defendants for his last four (4) weeks of employment.

395.    Due to Defendants' delayed payments and non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering his regular expenses such as payment for his utility bills, food, transportation, and other expenses.

396.    Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

397.    Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

398.    Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

399.    As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

400.    Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay,

and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## DEFENDANTS' VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS

401.   Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

402.   Defendants failed to provide Plaintiffs with a wage notice at the time of their hire or at any time during their employment in violation of the NYLL.

403.   Defendants failed to provide Plaintiffs with an accurate wage statement that included all hours worked and all wages received each week when Plaintiffs were paid in violation of the NYLL.

404.   As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiffs suffered a concrete harm, resulting from Plaintiffs' inability to identify Plaintiffs' employer to remedy their compensation problems, lack of knowledge about the rates of pay they were receiving and/or should have receiving for their regular hours and overtime hours, terms, and conditions of their pay, and furthermore, an inability to identify their hourly rate of pay to ascertain whether they was being properly paid in compliance with the FLSA and NYLL – which they were not.

405.   Furthermore, Defendants' alleged willful failures to provide Plaintiffs with these documents prevented Plaintiffs from being able to calculate their hours worked, and proper rates of pay, and determine if they were being paid time-and-a-half for their overtime hours as required by the FLSA and NYLL

## COLLECTIVE ACTION ALLEGATIONS

406.   Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are:

407.   Collective Class: All persons who are or have been employed by the Defendants as tapers and construction workers or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for

Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

408. Upon information and belief, Defendants employed approximately 50 or more employees within the past three years subjected to similar payment structures.

409. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

410. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work without appropriate overtime and wage compensation

411. Defendants' unlawful conduct has been widespread, repeated, and consistent.

412. Defendants had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay and wages.

413. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

414. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and their wages in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

415. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

416. The claims of Plaintiffs are typical of the claims of the putative class.

417. Plaintiffs and his counsel will fairly and adequately protect the interests of the putative class.

418. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS

419.   Plaintiffs sue on their own behalf and as the class representative (hereinafter referred to as the "New York Class Representative") and bring the Second and Fourth Causes of Action on their own behalf and as a class action, on behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b). The Fed. R. Civ. P. 23 Class is defined as:

> Tapers and construction workers, or other similarly titled personnel who are currently or have been employed by the Defendants at URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC, at various job sites throughout New York and who worked greater than 40 hours per week (hereinafter referred to as the "New York Class") without receiving time and a half for all hours over 40 each workweek, received delayed payments and were never compensated by the Defendants for their work performed, during the 6 years prior to the filing of the Complaint (hereinafter referred to as the "New York Class Period").

420.   The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are greater than 100 members of the New York Class during the New York Class Period.

421.   The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are greater than 100 members of the New York Class during the New York Class Period.

422.   There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

> a.   Whether Defendants unlawfully failed to pay overtime compensation, failed to timely pay wages and failed to pay wages, in violation of and within the meaning of the NYLL;

b.  Whether the New York Class Representatives and New York Class are nonexempt from entitlement to overtime compensation for hours worked under the pay requirement of the NYLL;

c.  Whether Defendants failed to keep accurate and complete time records for all hours worked by the New York Class Representatives and the New York Class;

d.  Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

e.  The proper measure of damages sustained by the New York Class Representative and the New York Class; and

f.  Whether Defendants should be enjoined from such violations in the future.

g.  The New York Class Representatives will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

h.  A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages sustained by individual class members are modest compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

423.  Further, the New York Class Representative and the New York Class have been equally affected by Defendants' failure to pay overtime wages, failure to time pay wages and failure to pay wages. Moreover, members of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

424.  Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

425.    Plaintiffs' claims are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the non-payment of overtime wages and spread of hours compensation and the failure to keep adequate records. The job duties of Plaintiffs are typical of those of the class members.

426.    The New York Class Representative intends to send notice to all members of the New York Class to the extent required by Rule 23.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

427.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

428.    Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

429.    At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

430.    At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

431.    Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

432.    Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

433.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

434.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

435.   At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

436.   Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

437.   Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

425.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

426.   Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

427.   Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

428.   Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

429.   Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

430.   At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

431.   Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

432.   Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION
### Violation of Frequency of Pay Under New York Labor Law

433.   Plaintiffs re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

434.   Defendants willfully violated the rights of Plaintiffs by failing to pay their wages owed on a weekly basis in which their wages were earned, in violation of New York Labor Law § 191.

435.   Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

436.   Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## SIXTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

437.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

438.   Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiff's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

439.   Defendants are liable to Plaintiffs in the amount of $5,000.00, per Plaintiff, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

440.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

441.    Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

Defendants are liable to Plaintiffs in the amount of $5,000.00, per Plaintiff, together with costs and attorneys' fees

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be granted:

a.  Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b.  Awarding Plaintiffs' unpaid overtime wages;

c.  Awarding Plaintiffs' unpaid wages;

d.  Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e.  Awarding Plaintiffs' liquidated damages for Defendants' failure to timely pay Plaintiffs' wages;

f.  Awarding Plaintiffs prejudgment and post-judgment interest;

g.  Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated:   June 27, 2025
            Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WALTER ANTONIO CHAVEZ PESANTEZ, SHANE TROY FARQUHARSON, MARIA MARTHA TRAVEZ MISHQUI, MARCO ANTONIO TENEMPAGUAY PALAGUACHI, LOURDES ABIGAIL SALINAS LOPEZ, EDGAR PATRICIO LLOACANA AGUACUNCHE, KATHERINE MISHELL SALINAS ASTIMBAY, JENNY MARITZA MENDIETA HERAS, INTY RAUL COREA ROMERO, GLADYS NARCISA LASLUIZA LASLUISA, GIOVANNY ALEXANDER PEREZ MIRANDA, FRANKLIN R. VELASQUEZ, FRANK CARLOS MARRUFO DIAZ, ELVIS ANDRES CEDENO ORTIZ, ELISA MARIBEL CHISAG LASLUIZA, EDGARDO BLADIMIR AVELAR DE LA O, DARIO FEDERICO GONZALEZ, CARMEN AZUCENA RIBERA MASAQUIZA, ARMANDO LANDAVERDE RIVERA, ANTONIO GARCIA SALAZAR, ANILDA GONZALES VASQUEZ, ANA KEILA CUBAS URIARTE, SEGUNDO ANGEL ALLAS PASOCHOA, MONICA PAULINA GUASHPA CARGAUCHI, CELSO SANTIAGO BENAVIDES VELEZ, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

URBAN ATELIER GROUP, L.L.C., ENNISH CONSTRUCTION CORP. and KEP CONSTRUCTION, LLC, BARRY RAFFERTY and KENDIS PAUL, as individuals,

Defendants.

---

## CLASS/COLLECTIVE ACTION COMPLAINT

---

**HELEN F. DALTON & ASSOCIATES, P.C.**
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

---

**TO:**

*Service via NY Secretary of State:*
**URBAN ATELIER GROUP, L.L.C. (NYDOS ID# 4852378)**
85 Fifth Ave Fl 12, New York, NY 10003

**ENNISH CONSTRUCTION CORP. (NYDOS ID# 4704953)**
43-01 21St Street, Suite 319, Long Island City, NY 11101

**KEP CONSTRUCTION, LLC (NYDOS ID# 6553514)**
42 Broadway, FL. 12-200, New York, NY 10004

*Via Personal Service:*
**URBAN ATELIER GROUP, L.L.C.**
85 Fifth Ave Fl 12, New York, NY 10003

**ENNISH CONSTRUCTION CORP.**
43-01 21St Street, Suite 319, Long Island City, NY 11101

**KEP CONSTRUCTION, LLC**
680 Cauldwell Ave., Bronx, NY 10455

**BARRY RAFFERTY**
43-01 21St Street, Suite 319, Long Island City, NY 11101

**KENDIS PAUL**
680 Cauldwell Ave., Bronx, NY 10455